UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
CLEVELAND DIVISION

| | |
|---|---|
| GLENN A. MITCHELL, <br><br> Plaintiff, <br><br> v. <br><br> KEYBANK, N.A., <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO.1:18-cv-02000 <br><br> DEMAND FOR JURY TRIAL |

COMPLAINT

NOW COMES Glenn A. Mitchell. ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of KeyBank, N.A. ("Defendant") as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, Invasion of Privacy ("IOP"), Intentional Infliction of Emotional Distress ("IIED"), and Trespass to Chattels ("TTC").

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant maintains its principal place of business in this district.

**PARTIES**

4. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant KeyBank is a wholly owned subsidiary of KeyCorp., a publicly traded, Ohio Corporation and has its principal place of business in Cleveland, Ohio. KeyBank is a national bank engaged in the business of consumer credit lending and servicing in the State of Ohio, and across the United States.

**FACTS SUPPORTING CAUSE OF ACTION**

6. Sometime in 2016, Plaintiff obtained a KeyBank MasterCard account with Defendant ("subject loan," or "subject debt").

7. Around late 2017, Plaintiff fell behind on his payments toward the subject debt.

8. Consequently, Defendant began placing collection calls to Plaintiff's cellular telephone number (206) XXX-5504 attempting to collect on the subject debt.

9. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of the cellular telephone ending in 5504. Plaintiff is and always has been financially responsible for this cellular telephone and its services.

10. Annoyed by Defendant's constant phone calls, Plaintiff answered a call from Defendant in or around April 2018 and requested that Defendant cease contacting him.

11. This revocation did nothing to stop the constant barrage of phone calls Defendant forced Plaintiff to endure.

12. Plaintiff has since answered multiple phone calls from Defendant resulting in Plaintiff requesting that Defendant stop calling him.

13. Notwithstanding Plaintiff's multiple requests that Defendant cease placing calls to his cellular phone, Defendant placed or caused to be placed no less than 33 harassing phone calls to Plaintiff's cellular phone between April 2018 and the present day.

14. During the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

15. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

16. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

17. Instead of ceasing calls to Plaintiff, Defendant continued to harass and abuse Plaintiff by periodically calling several times in one day.

18. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using an automated telephone dialing system, a system that is commonly used in the finance industry to collect defaulted accounts.

## DAMAGES

19. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

20. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of

concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

21. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

22. Concerned about the violations of his rights and invasion of his privacy, Plaintiff was compelled to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Defendant placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") without his consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

25. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

26. Upon information and belief, based on the lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

27. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

28. Defendant violated the TCPA by placing no less than 33 phone calls to Plaintiff's cellular phone from April 2018 through the present day using an ATDS without his consent.

29. Any prior consent, if any, was revoked by Plaintiff's verbal revocation. As pled above, Plaintiff verbally revoked consent to be called on his cellular phone when Defendant called in April 2018.

30. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

31. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

32. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

33. Defendant, through its agents, representatives, employees, officers, members, directors, heirs, successors, subsidiaries, assigns, principals, trustees, sureties, vendors, subrogees, representatives and insurers acting within their scope of authority, acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

34. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, Glenn A. Mitchell, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

   b. Awarding Plaintiff damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

   c. Enjoining Defendant from contacting Plaintiff; and

   d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II-INVASION OF PRIVACY-INTRUSION UPON SECLUSION

35. Plaintiff restates and realleges paragraphs 1 through 34 as though fully set forth herein.

36. Defendant, through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

37. Defendant's persistent and unwanted autodialed phone calls to Plaintiff's cellular phone infringed upon Plaintiff's right to be left alone.

38. Moreover, Defendant's behavior in continuously contacting Plaintiff at different times throughout the day, including calls while Plaintiff was at work, was highly intrusive and invasive.

39. Defendant's calls to Plaintiff's cellular phone were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

40. The constant unauthorized prying into Plaintiff's seclusion was highly offensive to Plaintiff and this intrusion would be objectionable to any reasonable person.

41. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff's workflow and work productivity, disrupted Plaintiff's mealtimes, and continually frustrated and annoyed Plaintiff into submission.

42. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home, work, and anywhere else Plaintiff went with his cellular phone.

43. By continuing to call Plaintiff in an attempt to dragoon Plaintiff into paying the subject debt, Plaintiff had no reasonable escape from these incessant calls.

44. As detailed above, by persistently autodialing Plaintiff's cellular phone without his consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

45. Defendant's relentless collection conduct and tactic of repeatedly auto dialing Plaintiff's cellular phone after he requested that these calls cease on is highly offensive to a reasonable person.

46. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion.

**WHEREFORE**, Glenn A. Mitchell, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff his reasonable attorney's fees & costs;

e. Enjoining Defendant from contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III-INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. Plaintiff restates and realleges paragraphs 1 through 46 as though fully set forth herein.

48. In order to establish a claim for intentional infliction of emotional distress, a plaintiff must show three factors: (1) the defendant intended to cause the plaintiff serious emotional distress; (2) the defendant's conduct was extreme and outrageous; and (3) the defendant's conduct was the proximate cause of plaintiff's serious emotional distress. *Phung v. Waste Mgt. Inc.*, 71 Ohio St.3d 408, 410, 1994-Ohio-389, 644 N.E.2d 286.

49. Defendant intentionally engaged in extreme and outrageous conduct when Defendant incessantly tried to dragoon the Plaintiff into making payments on the subject debt via intrusions and harassment carried out during the phone calls to Plaintiff's cellular phone.

50. Defendant knew that its relentless phone calls would inflict severe emotional distress on Plaintiff and Plaintiff's general well-being.

51. Defendant's conduct was beyond all possible bounds of decency, was atrocious and utterly intolerable in a civilized society.

52. Defendant knew or should have known that Plaintiff had revoked consent to be contacted by any means.

53. Defendant's conduct was designed to cause severe emotional distress to the Plaintiff.

54. Defendant intentionally caused Plaintiff's emotional distress by way of harassing phone calls, at all hours of the day, whether Plaintiff was at home or at work, in an attempt to coerce Plaintiff into making a payment.

55. Defendant's actions were designed to instill fear and emotional distress upon Plaintiff.

56. Defendant's intentional or reckless conduct caused severe emotional distress to Plaintiff.

57. Plaintiff suffered an extreme disabling emotional response to Defendant's conduct that resulted in exasperation of Plaintiff's stress and increased hypertension.

58. As stated above, Plaintiff has suffered damages from Defendant's extreme and outrageous conduct.

**WHEREFORE,** Plaintiff Glenn A. Mitchell respectfully requests that this Honorable Court enter judgment in his favor as follows:

  a. Enter judgment in his favor and against Defendant;
  b. Award Plaintiff his actual damages in an amount to be determined at trial;
  c. Award Plaintiff punitive damages in an amount to be determined at trial;
  d. Award any other relief this Honorable Court deems equitable and just.

<u>COUNT IV-TRESPASS TO CHATTEL</u>

59. Plaintiff restates and realleges paragraphs 1 through 58 as though fully set forth herein.

60. In interpreting Trespass to Chattel under Ohio law, courts have turned to the Restatement (Second) of Torts for guidance. *Dryden v. Cincinnati Bell Tel. Co.*, 135 Ohio App.3d 394, 404 (1st Dist.1999), quoting *CompuServe, Inc. v. Cyber Promotions*, 962 F.Supp. 8 1015, 1021 (S.D.Ohio 1997); *Stainbrook v. Fox Broadcasting Co.*, N.D.Ohio No. 3:05 CV 7380, 2006 WL 3757643, * 3 (N.D.Ohio Dec. 19, 2006).

61. The Second Restatement states that a trespass to a chattel may be committed by intentionally: (a) dispossessing another of the chattel, or (b) using or intermeddling with a chattel in the possession of another. 1 Restatement of the Law 2d, Torts, Section 217.

62. "The harm recognized by the ancient common law claim of trespass to chattels — the intentional dispossession of chattel, or the use of or interference with a chattel that is in the possession of another, is a close analog for a TCPA violation." *Mey v. Got Warranty, Inc.,* 193 F.Supp.3d 641, 647 (N.D. W. Va. 2016).

63. Courts have applied this tort theory to unwanted telephone calls and text messages. *See Czech v. Wall St. on Demand,* 674 F.Supp.2d 1102, 1122 (D.Minn. 2009) and *Amos Financial, L.L.C. v. H&B&T Corp.,* 48 Misc.3d 1205(A), 2015 WL 3953325, at *8 (N.Y.Sup. Ct. June 29, 2015).

64. "Even if the consumer does not answer the call or hear the ring tone, the mere invasion of the consumer's electronic device can be considered a trespass to chattels, just as "plac[ing a] foot on another's property" is trespass." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1551 (2016) (Thomas, J., concurring).

65. Defendant interfered with Plaintiff's ability to use his cellular phone while it was in his possession.

66. Defendant bombarded Plaintiff with no less than 33 calls, leaving him unable to use or possess his phone in the manner in which he wanted to.

67. Defendant knew or should have known that its phone calls not consented to, as Plaintiff stated that Defendant must cease contacting him on numerous occasions.

68. Defendant caused damage to Plaintiff's phone, including, but not limited to, the wear and tear caused to his cellular telephone, the loss of battery charge, and the loss of battery life.

69. Plaintiff also suffered damages in the form of stress, anxiety, and emotional distress, from Defendant's continuous interference with his possession of his cellular phone.

**WHEREFORE,** Plaintiff Glenn A. Mitchell respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Enter judgment in his favor and against Defendant;
b. Award Plaintiff his actual damages in an amount to be determined at trial;
c. Award Plaintiff punitive damages in an amount to be determined at trial;
d. Enjoining Defendant from contacting Plaintiff;
e. Award any other relief this Honorable Court deems equitable and just.

**Plaintiff demands trial by jury.**

Dated: August 31, 2018                              Respectfully Submitted,

/s/ Omar T. Sulaiman
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8141
osulaiman@sulaimanlaw.com